17704.   FOSTER *et al. v.* WOOD, ordinary, for use, etc.

The code provisions which prohibit an ordinary from acting as guardian of a minor do not prevent an ordinary from recovering in behalf of a minor money derived from benefit insurance where the act of 1918 (Ga. L., 1918, p. 198) authorizes an ordinary to receive and collect such money.

The petition in this case, by which the ordinary, in behalf of a minor, sought to recover from the principal and the surety on a temporary administrator's bond a sum alleged to have been set apart as a year's support, derived from benefit insurance on the life of the minor's deceased father, was subject to the demurrer on the ground that the petition failed to show a certificate of the ordinary that no legally qualified guardian had been appointed for the minor and that the minor's estate from all sources did not exceed $500, and on the ground that no action could be maintained on the bond except by a permanent administrator alleging a failure by the temporary administrator to pay over to him the assets of the estate.

DECIDED APRIL 16, 1927.

Complaint on bond; from Baker superior court—Judge Custer. July 19, 1926.

*W. I. Geer,* for plaintiff in error.

JENKINS, P. J.   This was a suit by the ordinary of Baker county against the principal and the surety on a temporary administrator's bond, to recover for a minor $150 alleged to have been set apart as a year's support and derived from a policy of benefit insurance on the life of the deceased father of the minor. The action was maintained under the act approved August 20, 1918 (Ga. L. 1918, p. 198 et seq.). The condition of the bond sued on (a copy of which was attached to the petition) was: "Now if the above Alex Foster shall carefully collect and preserve from waste or loss all the goods and chattels and effects of the said Owen Perry, deceased, and shall make, or cause to be made, a true and perfect inventory of all such estate, and, the same being so

Executors and Administrators, 24 C. J. p. 1082, n. 40; p. 1084, n. 69.
Guardian and Ward, 28 C. J. p. 1082, n. 75; p. 1247, n. 21; p. 1263, n. 66.

preserved, do surrender up such estate and effects, with the inventory aforesaid, unto the legal and proper administrator, on or by the first Monday in July next, or so soon thereafter as the ordinary shall direct, with all his other actings and doings therein, then this obligation to be void; otherwise to remain in full force and law." The defendants demurred to the petition, contending, (1) that the plaintiff ordinary was prohibited by code section 4786 and related sections from acting as guardian of a minor residing in the county of which he is ordinary; (2) that the petition failed to show a certificate of the ordinary that no legally qualified guardian had been appointed for the minor, and that the estate of the minor from all sources did not exceed the sum of $500, and (3) that no action could be maintained on the bond except by a permanent administrator alleging a failure by the temporary administrator to pay over to him the assets of the estate. The demurrer was overruled, and on the trial of the case a verdict was directed for the plaintiff in the sum of $125. A motion for a new trial having been overruled, the defendants excepted, and also preserved their exceptions made pendente lite to the overruling of the demurrer.

The first of the stated grounds of demurrer is without merit, since the act of 1918 purports to repeal all inconsistent provisions of law. The remaining grounds of demurrer were good, and the failure of the court to sustain them rendered nugatory all further action taken in the case. No decision is made upon the question whether a suit other than upon the bond could have been maintained against the temporary administrator if the petition had shown a certificate from the ordinary that no legally qualified guardian had been appointed for the minor, and that the estate of the minor, from all sources, did not exceed the sum of $500.

*Judgment reversed. Stephens and Bell, JJ., concur.*